IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LINDA GOUGH** | * |
| Plaintiff, | * |
| v. | * Civil No. **PJM 19-3533** |
| **ROCK CREEK SPORTS CLUB,** *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

*Pro se* Plaintiff Linda Gough has brought this action against Rock Creek Sports Club ("RCSC") and one of its managers, Marc Rothschild (collectively, "Defendants), alleging claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. Defendants now move to dismiss the suit under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Defendants' unopposed Motion is **GRANTED WITH PREJUDICE**.[1]

### I.

Plaintiff initially filed a *pro forma* "Complaint for Employment Discrimination," ECF No. 1 ("Compl."), alleging that she was discriminated against based on her "race (white), color (white), gender (female), religion (Catholic), national origin (USA), and [age (48)]." *Id.* at 5. The Complaint claimed that she was subjected to unequal terms and conditions of employment, a hostile work environment, and retaliation. Other than these conclusory allegations, the Complaint offered little context for Plaintiff's claims.

---

[1] Although Plaintiff receives electronic notices of filings, and she has acknowledged that her opposition was due, ECF No. 12, Plaintiff has never responded to the Motion.

1

Accordingly, on January 22, 2020, the Court issued an Order finding that the Complaint failed to meet federal pleading standards because it did not contain "a concise statement of facts" describing the allegedly wrongful conduct. ECF No. 4 at 2. The Court also advised that Plaintiff's failure to adequately supplement the Complaint would result in its dismissal. *Id.*

On February 24, 2020, Plaintiff filed her Amended Complaint. ECF No. 5 ("Am. Compl."). The Amended Complaint replaces the conclusory claims of the original with a number of tangential allegations concerning the workplace at RCSC and Plaintiff's general dissatisfaction with fellow employees.

Although the precise nature of her employment at RCSC remains somewhat unclear, it appears that Plaintiff served as a "Group Exercise Instructor," paid hourly. *Id.* at 2. Plaintiff alleges that she "experienced maltreatment in a hostile work environment . . . due to the nature of [her] hourly position as Group Exercise Instructor"—apparently suggesting that she was discriminated against as an hourly worker. *Id.*

At some point in 2018, Plaintiff complained to supervisors about "serious concerns," including that she "put up with threats from management, verbal abuse from students in the classroom, and unprofessional treatment from other instructors." *Id.* at 4. After raising these issues, Plaintiff's concerns allegedly went unaddressed.

As best the Court can tell, Plaintiff's main allegation of misconduct is that a coworker refused to allow Plaintiff to teach her class. According to the Amended Complaint, after Plaintiff volunteered to substitute teach, her coworker declined the offer in an email that was "mocking, unprofessional, and threatening." *Id.* at 5. After complaining about this, Plaintiff claims she never received substitute teaching requests. *Id.*

2

Another stray allegation is that Plaintiff's coworker taught her Pilates. During one of their sessions, the coworker allegedly began "moaning and oohing at odd times," making Plaintiff uncomfortable. *Id.* at 7. No additional facts are provided regarding this incident, and that is the extent of relevant allegations in the Amended Complaint.[2]

## II.

Federal Rule of Civil Procedure 8(a) prescribes "liberal pleading standards" that require a plaintiff to submit only a "short and plain statement of the claim showing that [she] is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). To survive a Rule 12(b)(6) motion, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While the pleadings need not contain "detailed factual allegations," they must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555).

Courts have an added "obligation to liberally construe a *pro se* complaint." *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 72 (4th Cir. 2016). Nonetheless, this requirement "does not transform the court into an advocate." *Weller v. Department of Soc. Servs.*, 901 F.2d

---

[2] The Amended Complaint also contains several additional allegations that are seemingly unrelated to Plaintiff's legal claims, including that: (1) Defendants tampered with the electricity to avoid meetings (*id.* at 6); (2) Plaintiff's classroom temperature fell "below OSHA standards" (*id.* at 7); (3) Defendants did not follow Plaintiff's unsolicited management advice; and (4) RCSC deducted taxes from her paychecks and failed to provide her with a W-2 form (*id.* at 6).

3

387, 391 (4th Cir. 1990). "While *pro se* complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Id.* (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)). With these precepts in mind, the Court considers Defendants' Motion to Dismiss the Amended Complaint.

### III.

#### A. Discrimination Under Title VII & ADEA

The *sine qua non* of discrimination cases, whether for disparate treatment or hostile work environment, is that the offending conduct is based on a protected characteristic. In other words, without some connective thread between the alleged mistreatment and the protected status, there is no actionable claim for discrimination. That is the case here, where Plaintiff presents a number of workplace grievances that are completely untethered from her race, color, gender, religion, national origin, or age. Although Plaintiff's Amended Complaint suffers from a number of defects, this one is fatal. *See, e.g., Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 191 (4th Cir. 2016) (stating that plaintiff must be discriminated against "based on" a protected trait). Simply stated, Plaintiff has not pled facts giving rise to a reasonable inference of discrimination of any kind. *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 586 (4th Cir. 2015) ("Only speculation can fill the gaps in her complaint[.]").

#### B. Retaliation Claims Under Title VII & ADEA

Similarly lacking is any allegation that supports a claim for retaliation. Although Plaintiff claims that she was denied opportunities to teach, no facts suggest that she engaged in a protected activity that was a "but-for cause" of the alleged action against her. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013).

Ultimately, it appears that Plaintiff has many grievances she wishes to air about her employer, including disagreements with supervisors and coworkers. While Plaintiff may or may not have been treated unfairly, the facts alleged do not give rise to a cause of action.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS WITH PREJUDICE** Defendants' Motion to Dismiss.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

February \_\_, 2021